09-0720-ag
Li v. Holder

BIA
Romig, IJ
A 099 026 526

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand nine.

PRESENT:
        PIERRE N. LEVAL,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
                *Circuit Judges*.

_____

BIN LIN LI,
      *Petitioner*,

      v.                      09-0720-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Henry Zhang, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bin Lin Li, a native and citizen of China, seeks review of a February 12, 2009 order of the BIA affirming the August 29, 2007 decision of Immigration Judge ("IJ") Jeffrey L. Romig, which denied Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Lin Li*, No. A 099 026 526 (B.I.A. Feb. 12, 2009), *aff'g* No. A 099 026 526 (Immig. Ct. N.Y. City Aug. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007). The Court reviews *de novo* questions of law

and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency did not err in denying Li's application for asylum, withholding of removal, and CAT relief. Li waived her claim for CAT relief by failing to adequately argue that claim in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice).

As to the agency findings Li does challenge, each was proper. Contrary to Li's argument, the agency considered each piece of evidence Li submitted and reasonably concluded that she failed to establish either past persecution or a well-founded fear of future persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (citing *Asociacion de Compositores y Editores de Musica LatinoAmericana v. Copyright Royalty Tribunal,* 854 F.2d 10, 13 (2d Cir.1988) ("[W]e must review a challenge to the Tribunal's evidentiary rulings with some deference, for the type of proof that will be acceptable and the weight it should receive lie largely in the discretion of the [Tribunal].")).

3

Furthermore, the agency adequately considered Li's past harm in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). The only events Li testified to concerning her past persecution were her escape from the police after distributing Falun Gong flyers and several visits to her home by Chinese authorities. The BIA addressed both events in its decision, reasonably finding that Li "was never arrested or detained" for handing out the flyers and that "[t]he several home visits by local officials . . . [did] not rise to the level of persecution." *See Gui Ci Pan v. U.S. Attorney General*, 449 F.3d 408, 412-13 (2d Cir. 2006) (unfulfilled threats alone do not constitute past persecution).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4